# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| **RICHARD LEE KINCAID** | **CIVIL ACTION NO. 08-1187-P** |
| **VERSUS** | **JUDGE STAGG** |
| **BOSSIER PARISH POLICE JURY, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Richard Lee Kincaid ("Plaintiff"), pursuant to 42 U.S.C. § 1983.  This complaint was received and filed in this Court on August 13, 2008.  Plaintiff is incarcerated at the Bossier Parish Minimum Security Facility in Plain Dealing, Louisiana, and he claims his civil rights were violated by prison officials.  He names the Bossier Parish Police Jury, Sheriff Larry Dean and Warden Tom Rucker as defendants.

Plaintiff has filed a very general complaint and amended complaint.  He claims his incarceration at Bossier Parish Minimum Security Facility began on July 18, 2008.  He claims Defendants have violated his Fourth, Fifth, Eighth, and Fourteenth Amendment rights.  He claims each Defendant has failed to ensure that he has not been deprived of his constitutional rights.  He claims the Bossier Parish Minimum Security Facility is

overcrowded.  He claims there is no classification system.  He claims the dorms are not air-conditioned.  He claims inmates are forced to shower and use the restroom in front of 60 other inmates.

Plaintiff claims inmates are not offered regular exercise.  He claims there is no law library.  He claims the commissary prices are inflated.  He claims inmates must wear sheets for four to five hours while their uniforms are being washed.    He claims inmates do not have access to telephones to contact their attorneys.  He claims officers dispense medication to the inmates.  He claims inmates are charged for medication and medical treatment.  He claims the meals are inadequate.

Plaintiff claims inmates are physically and verbally abused daily.  He claims several inmates have died recently.  He claims inmates are denied due process during disciplinary actions.  He claims that when inmates are punished, they are handcuffed behind their backs and forced to kneel on the concrete floor for hours.

Plaintiff claims he has been incarcerated longer than necessary, embarrassed, and suffered unnecessary physical and mental pain.

As relief, Plaintiff seeks an injunction, compensatory damages, punitive damages, attorney and investigator fees, and any other relief to which he is entitled.

**LAW AND ANALYSIS**

**Bossier Parish Police Jury**

Plaintiff names the Bossier Parish Police Jury as a defendant.  He alleges that the Bossier Parish Correctional Center is owned and operated by the Bossier Parish Police Jury. He further alleges that the Bossier Parish Police Jury is responsible for the operation of the facility and the care of the inmates.

Plaintiff's claims against the Bossier Parish Police Jury are not cognizable.  A "police jury" is a unit of local Louisiana government akin to a board of supervisors.  See La.Rev.Stat.Ann. § 33:1236.  Despite its name, the police jury does not directly furnish any of the services conventionally associated with the "police."  Most of these services are traceable in Louisiana to the sheriff.  See id. § 33:1435.

Under Louisiana law, the Police Jury has no responsibility over the daily operation of the jail.  However, state law does require the Police Jury to "provide a good and sufficient jail," La. Rev. Stat. Ann. § 33:4715, to be "responsible for the physical maintenance of all parish jails and prisons," id. § 15:702, and to pay all expenses incurred in "the arrest, confinement, and prosecution of persons accused or convicted of crimes," id. § 15:304.  See Amiss v. Dumas, 411 So.2d 1137, 1140-42 (La.App. 1st Cir.) (discussing statutory allocation of prison responsibility), writ denied, 415 So.2d 940 (La. 1982).

Where a municipal body is vested with this sort of fiscal obligation to the jail, its liability for insufficient funding or maintenance will depend on its knowledge of conditions at the jail.  Thus, in Howard v. Fortenberry, 723 F.2d 1206, vacated in part on other grounds, 728 F.2d 712 (5th Cir. 1984), the court held that a police jury could not be held liable

pursuant to section 1983 for the deaths of two inmates who were placed in a "hot box" in very hot weather.  Id. at 1208, 1210.  In Howard, the plaintiffs had produced no evidence that the police jury knew how the box was being used either in general or in that particular instance, nor had the plaintiffs shown that the police jury had a policy permitting such use. Id. at 1210.  The duty to maintain did not confer on the police jury a duty to inspect the jail. Id. at 1211.

Given the limited scope of the police jury's duties and the lack of any allegation by Plaintiff that the police jury was aware of the challenged conditions, Plaintiff's complaint simply does not state a cause of action against the Bossier Parish Police Jury. Accordingly, Plaintiff's claims against the Bossier Parish Police Jury should be dismissed as frivolous for failure to state a claim on which relief may be granted.

**Sheriff Larry Dean and Warden Tom Rucker**

Plaintiff alleges that Sheriff Larry Dean is responsible for the care and treatment of inmates incarcerated in the Bossier Parish Correctional Facility.  Plaintiff alleges Warden Tom Rucker is directly responsible for the daily operations of the Bossier Parish Correctional Facility and the care and treatment of inmates while under his supervision.  To the extent Plaintiff names any defendant in a supervisory capacity, it is well settled that supervisory officials may not be held liable under § 1983 under the doctrine of respondeat superior.  See, Mouille v. City of Live Oak, 977 F.2d 924 (5th Cir. 1992), cert. denied, 508 U.S. 951,  113 S.Ct. 2443, 124 L.Ed.2d 660 (1993); Jennings v. Joshua Independent School District, 877 F.2d 313 (5th Cir. 1989), cert. denied, 496 U.S. 935, 110 S.Ct. 3212, 119

L.Ed.2d 226 (1990).  To be liable under § 1983, a supervisory official must be personally involved in the act causing the alleged constitutional deprivation, or must have implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights.  <u>Cronn v.  Buffington</u>, 150 F.3d 538, 544 (5th Cir.  1998).

Plaintiff does not specifically allege that either Sheriff Larry Dean or Warden Tom Rucker were personally involved in the alleged violations of his constitutional rights or implemented a policy that deprived him of his constitutional rights.  Accordingly, Plaintiff's claims against Sheriff Larry Dean and Warden Tom Rucker should be dismissed as frivolous for failure to state a claim on which relief may be granted.

**Conclusory Claims**

Plaintiff also asserts a number of vague and conclusory claims.  Plaintiff alleges his constitutional rights have been violated; the facility is overcrowded; the facility does not have a classification system; the dorms are not air-conditioned; inmates are forced to shower and use the restroom in from of 60 other inmates; inmates are not offered regular exercise; there is no law library; commissary prices are inflated; inmates must wear sheets while their uniforms are being washed; inmates do not have access to telephones to contact their attorneys; officers dispense medication to the inmates; inmates are charged for medication and medical treatment; meals are inadequate; inmates are physically and verbally abused; inmates are denied due process during the disciplinary actions; and when inmates are punished, they are handcuffed behind their backs and forced to kneel on the concrete floor for hours.

A Section 1983 plaintiff has long been required to plead his case with "factual detail and particularity," not mere conclusory allegations.  Elliot v. Perez, 751 F.2d 1472, 1473 (5th Cir. 1985); Hale v. Harney, 786 F.2d 688 (5th Cir. 1986).  The Supreme Court has abolished this heightened pleading standard for claims against municipalities, Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 113 S.Ct. 1160 (1993), but the requirement remains firmly in place for claims against individual public officials. See Schultea v. Wood, 47 F.3d 1427 (5th Cir.1995) (en banc).

In this case, Plaintiff has named individual officials as defendants and is therefore required to give factual details regarding his alleged constitutional rights violations.  Plaintiff has failed to do so regarding these claims, even though he has amended his complaint. Accordingly, these claims should be dismissed as frivolous for failure to state a claim on which relief may be granted.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this Court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed.  See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985).  District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact.  See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993);

<u>Neitzke v. Williams</u>, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, the Court finds that the IFP complaint based upon a violation of Plaintiff's civil rights lacks an arguable basis in law.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objection within ten (10) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.


A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  <u>See Douglas v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 29 day

of July 2011.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE